IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEONID P. KRIVOLENKOV, | 3:25-cv-01073-JR |
| Plaintiff, | |
| | OPINION & ORDER |
| v. | |
| MATTHEW BIGONI, GARRETT GRIMM, JASON HUBERT, SARAH KERWIN, CLACKAMAS COUNTY, and CITY OF PORTLAND, | |
| Defendants. | |

RUSSO, Magistrate Judge:

Pro se plaintiff, Leonid Krivolenkov, brings this action alleging violation if his First and Fourth Amendment rights as well as state law claims for false arrest, false imprisonment, assault, and battery arising out of his arrest on August 20, 2024. Defendants City of Portland, Sarah Kerwin, and Jason Hubert move to dismiss all claims against them. For the reasons stated below, the motion is granted in part and denied in part.

ALLEGATIONS

Plaintiff alleges he has devoted several years of his life documenting police and other

Page 1 – OPINION AND ORDER

public officials in the course of their duties in an effort to bring awareness of official misconduct. Complaint (ECF 1) at ¶ 15. Plaintiff asserts he is well-known to the Portland Police Bureau as an independent journalist. Id. at ¶ 16.

Plaintiff alleges that on the evening of August 20, 2024, near the intersection of Northeast Halsey Street and Northeast 126th Avenue in Portland, Oregon, he observed a "large presence" of police and civilian activity and recorded the activity as he walked to the intersection of the two streets. Id. at ¶ 17. Plaintiff

> continued to record the location. He observed multiple police officers/deputies engaged in different tasks. One group was conducting a search of the stopped vehicle, second group (single officer) was speaking with witnesses(s), third group including the named individual defendants were simply talking without any obvious performance of any kind of official police duties or investigation.

Id. at ¶ 23.

Plaintiff asserts defendant Portland Police Officer Jason Hubert, was not dressed in a police uniform and did not have a visible badge when plaintiff crossed the street to get a better view of the scene. Id. at ¶¶ 24-25. Plaintiff alleges Hubert yelled, "'hey you got to stay back there' simply waiving his hand. Hubert did not identify himself as a police officer, parole, and/or probation officer. He did not articulate that the command he was giving is a lawful order." Id. at ¶ 26.

Plaintiff alleges defendant Clackamas County Sheriff's Deputy Matt Bigoni then engaged plaintiff directing him back to the sidewalk when plaintiff was about 10-15 feet away from a loaded firearm sitting on the back of a car at the scene. Id. at ¶ 27. See also Ex. 1 attached at to the complaint (Incident Report) at p. 5. Plaintiff alleges Bigoni then

> Immediately escalated the encounter and without any verbal warning and/or reasonable opportunity for Mr. Krivolenkov to comply, proceeded to use unreasonable physical force against him by grabbing his left wrist and arm restricting his free movement.

Id. at ¶ 28.

Page 2 – OPINION AND ORDER

Plaintiff asserts:

> Bigoni did not state that Mr. Krivolenkov was detained or under arrest, he proceeded to physically move Mr. Krivolenkov first towards the police cruiser, then immediately back across NE 126th Ave., to the spot where Mr. Krivolenkov was directed to go to, and where he was previously freely recording.

Id. at ¶ 29.

When plaintiff expressed "his dislike for being physically assaulted and requested [Bigoni's] badge number," Plaintiff alleges Bigoni stated "stand here don't go over there or you'll be under arrest." Id. at ¶ 30. Plaintiff asserts he then "lawfully engaged in an act of self-defense and freed himself from the unlawful and unreasonable use of force." Id.

Plaintiff alleges he told Bigoni, "you do not assault me," to which Bigoni "turned violent" and retaliated against plaintiff. Id. at ¶ 32. Plaintiff asserts Bigoni then "declared Mr. Krivolenkov to be under arrest without articulating any alleged crime and/or reason for the arrest, and without any verbal warning that physical force maybe used, grabbed his arm, attempting to turn him around then tackled him to the ground." Id. at ¶ 33. Plaintiff alleges that due to the proximity of the curb, it posed a serious threat of physical injury if he fell and hit the curb. Id. at ¶ 39. Plaintiff asserts:

> In a split-second decision Mr. Krivolenkov, having a reasonable belief that the arrest is false and is not supported by probable cause, is unlawful and the force being applied is not objectively reasonable under the totality of circumstances. Thus, unreasonable and excessive once again utilizing his statutory right of self-defense to prevent serious physical injury to himself, proceeded to move away from the curb and away from whom he perceived to be a violent individual, Defendant Bigoni. Bigoni did not issue any further commends such as "stop, turn around and/or place your hand behind your back" that are consistent with effectuating a lawful arrest.

Id. at ¶ 40.

Plaintiff next asserts he took cover away from Bigoni who pursued him, grabbed him by the shoulder, and tackled him to the ground landing on top of plaintiff. Id. at ¶ 41. Plaintiff alleges

Page 3 – OPINION AND ORDER

defendants Sheriff's Deputy Garrett Grimm and Portland Police Officer Sarah Kerwin arrived and assisted Bigoni in placing plaintiff in handcuffs "willingly and knowingly conspired to violate Mr. Krivolenkov's constitutional rights, failing to intervene to prevent or stop Bigoni from engaging in what they knew or should reasonably know was misconduct." Id. at ¶ 42.

Plaintiff alleges Kerwin held him down by the legs stating, "relax stop resisting … you're under arrest I don't know why I'm just here." Id. at ¶ 43. Plaintiff asserts he suffered "severe scrapes, bleeding scrapes to his right arm, bruising on his right leg and chest pain due to a body mass of Bigoni on top of him pressing him down on the concrete." Id. at ¶ 44.

Plaintiff alleges he was searched then placed in Bigoni's patrol vehicle and then told he was under arrest for interfering with police and resisting arrest." Id. at ¶¶ 46-49. Plaintiff asserts he was not provided requested medical care for several hours. Id. at ¶ 50.

On August 21, 2024, plaintiff alleges the Multnomah County District Attorney charged him with one count of interfering with a peace officer. Id. at ¶ 51. On November 26, 2024, the Multnomah County Court dismissed the charge. Id. at ¶ 59.

Plaintiff asserts six causes of action arising out of the alleged conduct by defendants: (1) violation of his First Amendment rights under 42 U.S.C. § 1983 against defendants Bigoni, Grimm, Kerwin and Hubert; (2) retaliation for exercise of his First Amendment rights under 42 U.S.C. § 1983 against defendant Bigoni; (3) violation of his Fourth Amendment right to be free from unreasonable search and seizure under 42 U.S.C § 193 against defendants Bigoni, Grimm, and Kerwin; (4) violation of his Fourth Amendment right to be free from excessive force under 42 U.S.C. § 1983 against defendant Bigoni, Grimm, and Kerwin; (5) violation of his Fourth Amendment right via initiation of malicious criminal proceedings under 42 U.S.C. § 1983 against defendant Bigoni; and (6) state law claims for false arrest, false imprisonment, assault, and battery

against defendants Bigoni, Kerwin, Clackamas County, and the City of Portland.

Defendants the City of Portland, Portland Police Officer Sarah Kerwin, and Portland Police Officer Jason Hubert move to dismiss the claims alleged against them.

## DISCUSSION

In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Fed. R. Civ. P. 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." However,

> [w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). Moreover, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft, 556 U.S. at 678. In short, "a

Page 5 – OPINION AND ORDER

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id.

To be liable for a constitutional violation under 42 U.S.C. § 1983, a defendant must (1) know about and acquiesce in the constitutionally defective conduct as part of a common plan with those whose conduct constituted the violation, or (2) set in motion a series of acts by others which the defendant knew or reasonably should have known would cause others to inflict the constitutional injury. Peck v. Montoya, 51 F.4th 877, 891 (9th Cir. 2022). Because vicarious liability is inapplicable to section 1983, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution. Ashcroft, 556 U.S. 662, at 676. An officer can be held liable for a constitutional violation only when there is a showing of "integral participation" or "personal involvement" in the unlawful conduct, as opposed to mere presence at the scene. Bonivert v. City of Clarkston, 883 F.3d 865, 879 (9th Cir. 2018). With these principles in mind the Court addresses the federal claims alleged against the City of Portland defendants.

A.   First Amendment Claim

To state a Section 1983 claim, plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Thus, to establish a First Amendment claim, plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the police officers defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity[,] and (3) the protected activity was a substantial or motivating factor in the defendants' conduct. Flynn v. City of Santa Clara, 388 F. Supp. 3d 1158, 1164 (N.D. Cal. 2019).

The facts alleged as to Officer Hubert are thin. As noted above, plaintiff alleges Hubert yelled, "hey you got to stay back there" and waived his hand. Plaintiff asserts he was legally justified in being at the scene.

Gathering information about government officials in a form that can be readily disseminated serves a cardinal First Amendment interest in protecting and promoting the free discussion of governmental affairs and applies to filming police stops. Gericke v. Begin, 753 F.3d 1, 7 (1st Cir. 2014). Of course, this right can be limited especially where a dangerous weapon is present as is alleged here. Thus, reasonable restrictions on the exercise of the right to film may be imposed when the circumstances justify orders to maintain safety and control, even if they have incidental effects on an individual's exercise of the First Amendment. Id. at 7–8. Determining whether Hubert's order to "stay back" under the circumstances is not an issue the Court can resolve on a motion to dismiss especially since the determination of reasonableness is an undertaking reserved to a trier of fact and cannot be determined as a matter of law reviewing the allegations and attachments to the complaint. The same is true of Officer Kerwin's assistance with respect to the arrest itself. A trier of fact must assess the totality of the circumstances in order to determine whether her actions were part of a reasonable restriction on plaintiff's First Amendment rights, or an unreasonable action designed to chill his First Amendment rights. The motion to dismiss the First Amendment claim is denied.

B.     Fourth Amendment Claims

As noted above, plaintiff alleges both an unreasonable search and seizure and excessive force claim against defendant Kerwin.

The Fourth Amendment protects people from unreasonable searches and seizures. See U.S. Const. amend. IV; Cameron v. Craig, 713 F.3d 1012, 1021 (9th Cir.2013) (citation omitted). The

Page 7 – OPINION AND ORDER

Fourth Amendment, however, "does not proscribe all state-initiated ... seizures; it merely proscribes those which are unreasonable." United States v. Willis, 431 F.3d 709, 714 (9th Cir.2005) (citation and internal quotation marks omitted). Under the Fourth Amendment, a police officer may arrest a person without a warrant if the officer has probable cause to believe the person has committed a crime. Id. "Probable cause" exists if the available facts suggest a "fair probability" that the suspect has committed a crime. Tatum v. City and Cnty. of S.F., 441 F.3d 1090, 1094 (9th Cir.2006) (citation omitted). To determine whether an officer had probable cause at the time of a plaintiff's arrest, the court must determine "whether at that moment the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." Beck v. State of Ohio, 379 U.S. 89, 91 (1964) (citations omitted).

> In Oregon, an officer has probable cause to arrest if "there is a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." See State v. Makuch, 340 Or. 658, 667, 136 P.3d 35, 40 (2006), citing ORS 131.005(11). "[W]here the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts, it is appropriate for this court to decide whether probable cause existed….

Carr v. City of Hillsboro, 497 F. Supp. 2d 1197, 1211–12 (D. Or. 2007).

To prevail on an excessive force claim, plaintiff must plead (1) the defendants used force against the plaintiff; (2) the use of such force was excessive and applied maliciously and sadistically for the very purpose of causing the plaintiff harm and not in a good faith effort to achieve a legitimate purpose; and (3) the plaintiff suffered harm as a direct result of this use of force. See Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).

The alleged facts establish plaintiff was within 10-15 feet of a loaded firearm that law enforcement officers were investigating. The facts also establish plaintiff attempted to evade arrest

Page 8 – OPINION AND ORDER

initiated by defendant Sheriff's Deputy Bigoni. However, plaintiff also alleges it was not reasonable to conclude he committed any offense.

A person commits the crime of interfering with a peace officer if the person, knowing that another person is a peace officer, intentionally or knowingly acts in a manner that prevents the officer from performing his lawful duties with regard to a criminal investigation. Or. Rev. Stat. § 162.247. A police officer may restrict filming activity for safety concerns under Or. Rev. Stat. § 162.247. See, e.g., State v. Gardiner, 329 Or. App. 274, 277–78, 540 P.3d 604, 607 (2023), review denied, 372 Or. 192, 546 P.3d 915 (2024) (enforcing the statute appropriate where (1) an armed suspect may have been present in the area; (2) there were public and police officer safety concerns because of that armed suspect; (3) and the situation was not static because there were no defined search boundaries). As alleged in the complaint, officers were investigating a potentially dangerous situation given that a firearm had been placed on the back of car during the investigation. However, the area was defined, there appears to have been an identified suspect, and the situation was limited to a specific area. Whether restricting First Amendment rights within 10 to 15 feet of the firearm is reasonable is a question best left to a trier of fact. In addition, whether being within such distance interferes with the officer's investigation cannot be determined as a matter of law from the allegations. Thus, whether Officer Bigoni initiated a proper arrest assisted by Kerwin and thus whether they exercised an appropriate amount of force in that arrest is not a question that can be resolved on a motion to dismiss. Accordingly, the motion to dismiss the Fourth Amendment Claims is denied.

C.     State Law Claims

Plaintiff may not bring these claims against the individual City of Portland defendants under the Oregon Tort Claims Act. Or. Rev. Stat. § 30.265(2). The claims may only be brought

Page 9 – OPINION AND ORDER

against the City of Portland. Accordingly, the claims are dismissed as to defendants Hubert and Kerwin.

### 1.     False Arrest/False Imprisonment

Defendants assert this claim may not be brought if probable cause for the arrest existed. However, as noted above, the Court cannot make such determination at this stage of the proceedings on a motion to dismiss.

### 2.     Assault/Battery

A police officer has a complete defense to civil liability for assault or battery if the officer used force as authorized by statute. Grobstein v. Port of Portland, 2021 WL 1300115, at *11 (D. Or. Feb. 16, 2021), report and recommendation adopted, 2021 WL 1299195 (D. Or. Apr. 7, 2021). An officer is justified in using physical force upon another person only when and to the extent that the peace officer reasonably believes it necessary to make an arrest or to prevent the escape from custody of an arrested person unless the peace officer knows that the arrest is unlawful. Id. As noted above, the Court cannot determine whether probable cause existed for making the arrest at this stage of the proceedings and thus cannot determine whether the arresting officers knew the arrest was unlawful. Accordingly, the motion to dismiss the state law claims is denied.

### CONCLUSION

City of Portland defendants' motion to dismiss (ECF 11) is granted as to the State law claims alleged against defendants Sarah Kerwin and Jason Hubert and otherwise denied.

DATED this 2nd day of December, 2025.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge