DANIEL SIMON, OSB #124544
Senior Deputy City Attorney
dan.simon@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR 97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland,*
*Sarah Kerwin, and Jason Hubert*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **LEONID P. KRIVOLENKOV,** | **Case No.: 3:25-cv-01073-JR** |
| Plaintiff, | |
| v. | **DECLARATION OF SARAH KERWIN** |
| **MATT BIGONI, GARRETT GRIMM, SARAH KERWIN, JASON HUBERT, CLACKAMAS COUNTY OREGON,** AND **THE CITY OF PORTLAND OREGON,** | **(In Support of Defendants Sarah Kerwin, Jason Hubert, and City of Portland's Motion for Summary Judgment)** |
| Defendants. | |

I, Sarah Kerwin, declare as follows:

1.    I am employed as a Sergeant with the Portland Police Bureau ("PPB"). I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.    On August 20, 2024, I was assigned to assist with a law enforcement operation near the intersection of NE 126th Avenue and NE Halsey Street.

3.    During the operation, law enforcement officers had stopped a vehicle and recovered a firearm. One occupant of the vehicle had fled and was still outstanding. While

Page 1 – DECLARATION OF SARAH KERWIN

officers were processing the scene, the firearm remained at the scene pending further investigative steps. Because the scene involved a firearm and an ongoing criminal investigation, it was important to keep members of the public outside the area where officers were actively working. At the time of the incident, officers were processing the firearm. Civilians who are seen in plaintiff's video near police officers were involved with the officers' search of the vehicle and were allowed to be at the scene during that time.

4.      I observed Plaintiff approach the scene while recording with a cellular phone. When Plaintiff first approached the scene, he was standing on the opposite side of the street recording police officers. While plaintiff was filming from across the street, officers did not consider his presence to be interfering with the investigation and the processing of the firearm.

5.      No officer attempted to stop Plaintiff from filming. The fact that Plaintiff was filming police officers was not a factor in our interaction with Plaintiff.

6.      After several minutes, I observed plaintiff move across the street and approach police officers. I heard Officer Hubert direct Plaintiff to remain on the opposite side of the street and not enter the active law enforcement area. Despite those directions, Plaintiff crossed the street and continued into the area where officers were conducting the investigation.

7.      As Plaintiff continued into the active scene after disregarding Officer Hubert's directions, I advised Plaintiff that he could be arrested for interfering with law enforcement if he did not comply with officers' directions. Other officers also told plaintiff that he needed to leave the area or he could be arrested.

8.      I then observed Clackamas County Sheriff's Deputy Matt Bigoni escort Plaintiff back across the street. I remained where I was and continued observing the interaction. I then observed what looked to me like plaintiff shoving Deputy Bigoni.

9.      I then observed plaintiff and Deputy Bigoni fall to the ground. I believed at the time that Deputy Bigoni was making an arrest, but I did not know the exact reason for the arrest at the time. Because I observed that plaintiff was continuing to struggle with Deputy Bigoni, I

Page 2 – DECLARATION OF SARAH KERWIN

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

immediately moved in to assist the arresting deputy with controlling plaintiff's legs with my hands during the arrest.

10.     My role was limited to assisting with control of the scene while Deputy Bigoni's arrest was being completed. I positioned myself near Plaintiff's lower body and, to the best of my recollection, may have lightly placed a hand on or just above Plaintiff's legs to prevent him from kicking while other officers secured him in handcuffs.

11.     Plaintiff did not complain of any injuries at the time of the arrest. I did not hear plaintiff say he was injured or that he needed medical attention.

12.     After Deputy Bigoni placed Plaintiff in handcuffs, I disengaged from Plaintiff and did not have any further interactions with him.

13.     Based on my observations, there was probable cause to arrest plaintiff for Interfering with a Police Officer, ORS 162.247. Plaintiff entered the area of an active police investigation involving a firearm and plaintiff disregarded officers' orders to move back to the other side of the street. Officers needed to secure the scene for the safety of everyone involved.

14.     I make this declaration in support of City Defendants' Motion for Summary Judgment.

**I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.**

DATED:   7/28/26

_____
Sarah Kerwin

Page 3  —  DECLARATION OF SARAH KERWIN

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047